CHARLES JOHNSON, EXECUTOR, *vs.* TOWN OF NORWICH.

A quadroon, or person having one-fourth negro blood, is a "person of color," within the meaning of the act (Rev. Stat., tit. 55, § 6,) which exempts from taxation the property of persons of color.

ASSUMPSIT, brought by the plaintiff as executor of R. I. Stoddard, to recover the amount of two taxes laid in the life time of the testator and levied on his property after his death. The testator owned certain real estate in the town of Norwich which had been assessed as taxable, and which was so unless his property was exempt from taxation under the provision of the statute (Rev. Stat., tit. 55, § 6,) which exempts from taxation "the personal and real estate of persons of color." The testator was a quadroon, or person of one-fourth African negro blood, and the question was whether he was a "person of color" within the meaning of the statute.

The case was tried on an issue closed to the court, and reserved, on the above facts, for the advice of this court.

*Chadwick* and *Starkweather*, for the plaintiff, cited *Gentry* v. *McMinnis*, 3 Dana, 382 ; *State* v. *Watters*, 3 Ired., 455 ; *State* v. *Dempsey*, 9 id., 384 ; *State* v. *Hayes*, 1 Bailey, 275 ; *State* v. *Davis*, 2 id., 558 ; 2 Kent Com., 72, 257, and note ; *Dean* v. *Commonwealth*, 4 Grattan, 384 ; *Bryan* v. *Walton*, 20 Geo., 480 ; Brightley's Dig., U. S. Stat., 688, 838 ; *Crandall* v. *State*, 10 Conn., 340 ; *Dred Scott* v. *Sanford*, 19 How., 412 ; Acts of Conn., 1774, 1784, 1788 and 1797, with regard to negroes ; U. States Review, Ap. 1853, p. 310 ; Smith's Nat. Hist. of Human Species, (Edinburgh Ed., 1859,) p. 214.

*Wait* and *Halsey*, with whom was *Hovey*, for the defendants, cited Constitution of Conn., Art. 6, § 2 ; *Williams* v. *School District*, Wright, 578 ; *Gray* v. *Ohio*, 4 Ohio, 354 ; *Jeffries* v. *Ankeny*, 11 id., 372 ; *Thacker* v. *Hawk*, id., 376 ; *Chalmers* v. *Stewart*, id., 386 ; *Dean* v. *Commonwealth*, 4 Grattan, 541 ; *State* v. *Dempsey*, 9 Ired., 384 ; *Bryan* v. *Walton*, 20 Geo., 480.

Storrs, C. J. The defendant's testator having had one-fourth of African negro blood, we are of the opinion that his property was not liable to taxation under the sixth section of the act for the assessment and collection of taxes, (Rev. Stat., tit. 55, § 6,) which exempts from taxation " the personal and real estate of persons of color."

The general rule for the interpretation of statutes is, that their language shall be construed in its common, ordinary and popular meaning ; and we see no reason for departing from that rule in determining the meaning of the words " persons of color " in the act in question. It is not a term or phrase of art, having any peculiar or technical signification ; nor has it here received, by any of our judicial decisions, or by its use in any other of our legislative acts in which the same or a synonymous or similar phrase has been used, any legal or definite meaning ; and in these respects we are destitute of the aid derived from either of those sources which appears to have influenced, and justly, the decisions which have been referred to from the other American states, where the construction of phrases analogous to that now before us has come in question.

According to the common, general, and indeed universal acceptation of the phrase " persons of color " in this community, it embraces not only all persons descended wholly from African ancestors, and therefore of pure and unmixed African blood, but those who have descended in part only from such ancestors, and have a distinct, visible admixture of African blood. We therefore adopt that construction of the act in question, and hold that the exemption provided in it applies only to persons proved to be of such descent and also having and disclosing visibly the peculiar and distinctive color of the African race. This construction is according not only to the ordinary and popular, but also to the strictly proper and correct meaning of the language of the act. It gives effect to all its words, and establishes a rule which is definite, clear and practical, while it avoids, what we do not feel at liberty to introduce, an arbitrary and artificial test of exemption under the law

depending on the proportion of mixed bloods in the person claiming the exemption.

We are strongly confirmed in this construction by the legislative history of this act, which shows clearly that the exemption of property furnished by it was designed as a compensation to those persons on whom the constitution of the state does not confer the privilege of the elective franchise, which is confined by that instrument to " white " male citizens.

Judgment therefore is advised in favor of the plaintiff.

In this opinion the other judges concurred.

Judgment for plaintiff advised.

